### Henry H. Dresser v. Freeman Blair.

*Practice: Charge to the jury.* The correctness of a charge to the jury will not be considered on error, except in so far as it is complained of, nor then, only so far as it can be legitimately complained of by the plaintiff in error.

*Charge to the jury: Error cured: Waiver.* Where a sentence which is only a part of the charge to the jury is complained of, and no exception is pointed directly at this sentence, and the court afterwards, in response to a request of the party complaining, charged the jury in almost the precise language of such sentence, except that a technical inaccuracy was corrected, it is held that the error, if any in the first statement, was corrected by the second specifically, and that no complaint can be heard against a charge which is given as desired.

*Assault and battery: Damages: Errors that do not prejudice.* A ruling in an action for an assault and battery, that if there was a reasonable excuse for the defendant, arising from the fault and provocation of the plaintiff, but not sufficient to entirely justify the act done by the defendant, no recovery could be had of exemplary damages, or of any thing but nominal damages, is not one of which the defendant can complain.

*Submitted on briefs January 7. Decided January 13.*

Error to Hillsdale Circuit.

*George A. Knickerbocker,* for plaintiff in error.

*E. L. & M. B. Koon,* for defendant in error.

CAMPBELL, J.

Blair recovered a judgment below for damages in an action for an assault and battery, which is now brought up for review upon the charges of the judge.

In examining such a case, we are not concerned with the correctness of the charge except in so far as it is complained of, and then only so far as it can be legitimately complained of by the plaintiff in error.

The court made certain charges of its own motion, granted certain requests of both parties, and refused others. The exceptions to the charges given by the court outside of the requests are somewhat general and indefinite; but as the only points urged by counsel are closely connected with specific requests, they can be disposed of without confusion.

The assault arose out of a visit from Blair to Dresser, and a conversation, beginning with some talk about trespassing cattle, led to some insulting remarks and finally to blows. The first blow, according to Dresser's own version of the facts, came from him. Upon the other facts of aggravation on both sides there was conflicting testimony.

The principal questions discussed arise out of the charge of the court concerning the right to recover exemplary damages, as affected by the fault and provocation of the plaintiff below.

The charge complained of is that " if the jury find that there was a reasonable excuse for the defendant, arising from the fault and provocation of the plaintiff, but not sufficient to entirely justify the act done by the defendant, the jury may in their discretion find no exemplary damages, but only nominal damages."

No exception appears to be directly pointed at this sentence, which is only a part of the charge, and the court

afterwards charged the jury, in response to a request of the defendant, in the precise language requested, which was the same used in the above sentence, except that it directed the jury that they could not in such a case find exemplary damages, or any thing but nominal damages. If there was any error in the first statement it was corrected by the second specifically, and no complaint can be permitted against a charge which is given as desired.

This charge deprived the plaintiff below, upon the supposed hypothesis, even of his actual damages, and certainly went far enough on any theory which defendant could suggest.

As the brief submitted is confined to this point, we need consider no other.

There is no error in this ruling that the plaintiff in error can complain of.

GRAVES, CH. J., and COOLEY, J., concurred.

CHRISTIANCY, J., did not sit in this case.