## COX v. KLEIN.[1]

1. ASSAULT AND BATTERY—CIVIL LIABILITY—ACTION—EVIDENCE.
   In an action for an assault and battery, committed while defendants were attempting to retake cattle which had been impounded by plaintiff's husband, defendants were not entitled to show facts from which it could be inferred that the cattle were let into the husband's enclosure, and were therefore not trespassing when impounded, unless such facts were connected with the husband.

2. SAME—INSTRUCTIONS—SUFFICIENCY.
   An instruction that plaintiff could not recover unless the cattle were trespassing in the husband's field at the time they were impounded, and were not put there by the husband, was sufficiently favorable to defendant.

3. SAME—APPEAL—ASSIGNMENTS OF ERROR—NECESSITY.
   Whether the court erred in calling the attention of the jury to the statute that allows the plaintiff in assault and battery no more costs than damages will not be considered where no error is assigned upon the instruction.

4. APPEAL AND ERROR — QUESTIONS CONSIDERED—COSTS—RETAXATION.
   Questions arising on the retaxation of the costs before the circuit judge are no part of the record brought to this court on writ of error to review the judgment, and cannot be considered on such review.

Error to Oakland; Smith, J. Submitted April 20, 1906. (Docket No. 118.) Decided July 13, 1907.

Trespass vi et armis by Gertrude Cox against Frederick J. Klein and Thomas Foley. There was judgment for plaintiff, and defendants bring error. Affirmed.

*Patterson & Patterson* (*Samuel T. Douglas*, of counsel), for appellants.

*Fred M. Bond* and *John M. Feier*, for appellee.

[1] Rehearing denied October 4, 1907.

McALVAY, C. J.  Plaintiff recovered against defendants for damages for injuries claimed to have been received by her on account of an alleged assault and battery by the defendants.  The parties to this controversy own farms in Oakland county.  The Cox place adjoins that of defendant Klein on the west, with a highway running north and south between them.  Defendant Foley is the foreman on Klein's farm.  Some of Klein's cattle had been shut up by Cox in a yard back of his barnyard, under the claim that they had broken into his oat field. Defendant Klein claimed that the cattle had been let out of his pasture and impounded by Cox, in pursuance of a threat to do so to get even with him, and to force the collection of a disputed claim of $2.  Defendants and three hired men of Klein came to get the cattle, and a dispute ensued in regard to the matter, in which Cox, who had a gun, threatened to shoot; and during the dispute, and while defendants were attempting to open a gate to the yard, plaintiff claims she was injured by defendants. She claims that she was holding the gate to prevent its being opened, having one arm around the gate post and the other through the gate, in which position her arm was injured by defendants in swaying the gate, and that she had then let go the post and grasped the gate about the middle to hold it, and defendant Foley scratched her fingers in attempting to break her hold, and that the gate was pushed or fell over on her.  The dispute about the cattle was settled and paid by Klein, but for some reason broke out again when they were taking the cattle into the highway.  Cox threw a stone, hitting one of the men in the back, and blows were exchanged before the men separated.  These are the circumstances, briefly stated, which occurred on the occasion of the claimed injury. Plaintiff was present, and an active participant with her husband in attempting to restrain the cattle.  The case was tried twice in the circuit court.  Upon the second trial plaintiff recovered a judgment.  It will not be necessary to consider all of the numerous assignments of

error upon which defendants claim the case should be reversed.

Defendants contend that the trial court erred in excluding testimony offered in support of their defense that plaintiff's husband opened or procured the opening of Klein's fences, and wrongfully took his cattle. The ruling of which complaint is made came about in this way. A hired man, a witness for defendants, was on the stand. He was asked by counsel for defendants:

"*Q.* Did you look to see if any of Klein's fences were down?

"*A.* He told me to see if he had something broken or not. I go see, and find nothing broken, and all the gates closed.

"*Mr. Bond:* I object to all this class of testimony as incompetent and immaterial.

"*Mr. Patterson:* I think it is material for this reason: We have the threats of this man.

"*The Court:* On your theory of the case or your claim based on the testimony that you expect to introduce, that Mr. Cox actually took the cattle out of Klein's field and put them into his oats for the purpose of this suit?

"*Mr. Patterson:* That is our theory.

"*The Court:* Does Klein expect to testify to anything of that sort?

"*Mr. Patterson:* He expects to testify to enough facts to warrant this jury in concluding that this is true.

"*The Court:* That he actually let Klein's fences down?

"*Mr. Patterson:* Let the fences down or somebody opened the gate, but we have no direct proof that Cox opened the gate and took the cattle out, but we have some evidence upon which the jury could conclude somebody did.

"*The Court:* Unless you can connect Mr. Cox with it, I think I ought to exclude the testimony. Exception for defendant.

"*Q.* Did you look at these fences and gates in that pasture while the cattle were still up to Mr. Cox's?

"*A.* Yes, sir.

"*Q.* Did Cox tell you where Klein's cattle got into the field?

"*A.* He told me so.

"*Q.* Where did he tell you they got into his field?

"*A.* Right on the corner of Mr. Cox's field.   He said the cattle had got in there.

" *Q.* Did you look at the corner where Mr. Cox said the cattle got into his field to see if you could find any tracks ?

"*A.* Yes, sir.   I could not.find any tracks.

" *Q.* How soon after you got the cattle back from Cox's did you look to see if you could see the tracks ?

"*A.* On the same day, same time.

" *Q.* What is the fact as to whether there would have been tracks if the cattle had got in there where Cox said they did ?

"*A.* This place there is a little wet because there is a hole there.   It is always wet, and, if the cattle had gone in there, they would have left tracks."

It will be perceived that the question asked the witness had been answered.   It does not appear that any testimony offered was excluded.   The suggestion concerning what it was expected to prove was met by a proper reply.

Counsel for defendants asked the court to charge the jury as follows:

" If you find from all the evidence and circumstances of the case that Cox impounded Klein's cattle because and in pursuance of a threat to do so made to Klein the same day, for the purpose of collecting an account he claimed to have against Klein, and not because of any trespass by the cattle or damage done by them, then Mr. Cox had no right to hold the cattle when Mr. Klein demanded them."

It was given with the following addition and explanation:

"I give that upon the understanding or theory that Cox shut the cattle up himself—i. e., if they never went into the oat field themselves, but that Cox because of his threat for the purpose of collecting a debt shut the cattle up himself—then, of course, he would not have any right to hold them, and Mr. Klein could take them.   But if Mr. Patterson, defendants' counsel, means by that, that even if the cattle went into the oats themselves so that they were trespassers, cattle running at large and went there themselves, then Mrs. Cox cannot recover because Mr. Klein [Cox ?] had a hatred or ill feeling growing out of the controversy that arose in the morning, I do not

agree with him.   The request means this : If Cox through hatred or ill feeling growing out of the trouble in the morning shut the cattle up himself, took them from the road himself, then he could not hold them in that way. If the cattle were in the road, he could not shut them up merely on that account, but he did have a right to impound them, provided they went into the oat field themselves, or if he got the cattle out of Klein's field, although there is no evidence to warrant that, or if they were running in the road and came along in front of the premises, and he shut them up on account of that threat to make Klein trouble, he must take his chances of Klein rescuing them by force as far as this case is concerned, although it might have been better to have replevined them.   For the purposes of this case, I charge you that Mr. Cox could not prevent Klein going there and taking them by force."

It is claimed that the court erred in giving this request with the above additions and explanations.   In other portions of his charge the court said to the jury that plaintiff could not recover unless the cattle were trespassing in the oat field, and were not put there by Cox.   This was sufficiently favorable to defendants.

As to other errors assigned upon the rulings of the court upon admission of evidence, we do not consider them of sufficient importance for extended notice.   Testimony was allowed which was immaterial to the issue, but was of minor importance, and, standing alone, not sufficiently prejudicial to warrant reversal.

In the brief for defendant Klein it is urged that the court erred in calling the attention of the jury to the statute which provides that, in actions for damages for assault and battery, the plaintiff can recover no more costs than damages.   This portion of the charge occupies more than a page of the printed record.   As there is no error assigned upon this, the question is not before us for decision.

Defendants assign error upon the questions of retaxation of costs by the circuit judge.   Such questions cannot be considered or raised in this manner.   They are no proper part of the record brought to this court on writ of

error to review a judgment. *Moore* v. *Daiber*, 92 Mich. 402.

It is unnecessary to consider other errors assigned.

The judgment is affirmed.

CARPENTER, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.