PEOPLE *v.* OPRITA.

1. CRIMINAL LAW—APPEAL AND ERROR—NEW TRIAL—ASSIGNMENT
   OF ERROR—WAIVER.
   An assignment of error based on the denial of a motion
   for a new trial, *held*, waived where there is no discussion
   of the same in the brief, and the alleged error is not
   pointed out.

2. SAME — MURDER — TRIAL — SELF-DEFENSE — INSTRUCTIONS —
   REASONABLE DOUBT.
   In a prosecution charging murder, a requested instruction
   that murder could not be made out unless the testimony
   excluded the idea of self-defense beyond a reasonable
   doubt, and that the people must show such facts and cir-
   cumstances as would convince the jury that the killing
   was not in self-defense, *held*, sufficiently covered by the
   charge as a whole.

3. SAME—ASSIGNMENT OF ERROR—MISCARRIAGE OF JUSTICE.
   A portion of the charge which is criticized by defendant,
   but upon which no error is assigned, will not be considered,
   where it does not affirmatively appear that there has been
   a miscarriage of justice.

4. SAME — TRIAL — INSTRUCTIONS — SELF-DEFENSE — REASONABLE
   DOUBT.
   Requested instructions that killing in self-defense when ac-
   cused had reason to believe, and did believe, from previous
   knowledge, that it was necessary, was excusable; and
   that, although the jury might not be satisfied that defend-
   ant acted in self-defense, still if the testimony created in
   their minds a reasonable doubt on that point the defend-
   ant was entitled to the benefit of the doubt, and they
   should acquit, *held*, sufficiently covered in the charge as
   given.

Error to recorder's court of Detroit; Jeffries (Ed-
ward, J.), J.   Submitted October 14, 1920.   (Docket
No. 108.)   Decided December 21, 1920.

On instruction in homicide cases upon rule of reasonable
doubt with reference to cause of death, see note in 49 L. R. A.
(N. S.) 913.

Nick Oprita was convicted of manslaughter, and sentenced to imprisonment for not less than 2½ nor more than 15 years in the State prison at Jackson. Affirmed.

*Ben. O. Shepherd* (*Thomas L. Dalton,* of counsel), for appellant.

*Alex. J. Groesbeck,* Attorney General, *Matthew H. Bishop,* Prosecuting Attorney, *Herman H. Greenberg* and *Collins B. Scott,* Assistants Prosecuting Attorney, for the people.

CLARK, J. Defendant was charged with murder and convicted of manslaughter. Of the assignments of error reference is made in his brief to four, that there was error in denying the motion for a new trial and in refusing to give his first, second and ninth requests to charge.

Motion for new trial. The motion was based upon the grounds that the verdict was against the weight of evidence and that defendant's nine requests to charge should have been given. Of the first there is no discussion in the brief. Wherein there was error in refusing the requests is not under this assignment pointed out or discussed. The assignment was waived. See *People* v. *Cole,* 139 Mich. 312; *Ferguson* v. *Wilson,* 122 Mich. 97 (80 Am. St. Rep. 543).

First request. This request was:

"I charge you that murder cannot be made out unless the testimony excludes the idea of self-defense beyond a reasonable doubt. And that the people must show such facts and circumstances as will convince the jury that the killing was not in self-defense."

The court charged that the people must prove defendant's guilt beyond a reasonable doubt, and stating the theory and claim of the defense, that the shooting was justified, done in self-defense, proceeded to review

the elements of such defense and to point out the duty of the jury in regard thereto. We think the substance of the request was sufficiently covered by the charge as a whole. In this connection a portion of the charge is criticized, but error is not assigned upon it and for this reason (see *Cox* v. *Klein*, 149 Mich. 162; *Dresser* v. *Blair*, 28 Mich. 501), and for the further reason that it does not appear affirmatively that in this case there has been a miscarriage of justice, the question will not be considered.

Second and ninth requests. These requests were:

"I charge you that killing in self-defense when the accused has a reason to believe and did believe from the previous and present language, threats conveyed to his knowledge, and made directly to him, what he knew and believes of the vicious and dangerous reputation of the deceased, and also the manner and actions of the deceased, that it was necessary to do so to save his own life or to protect himself from danger of great bodily harm is excusable.

"I charge you that, although you may not be satisfied that the defendant, in killing the deceased, acted in self-defense, still, if the testimony in this case created in your mind a reasonable doubt as to whether or not the killing was done in self-defense, the defendant is entitled to the benefit of the doubt, and it will be your duty to acquit him."

These requests were covered by the charge from which we quote:

"On the other hand, gentlemen of the jury, if you believe from the testimony, that the quarrel arose as has been outlined and testified by the people's witnesses, as their theory—or the defendant's theory in this case, that the deceased picked up a hatchet and with words or acts which indicated that he would use it and was about to use it upon the person of the defendant, then—gentlemen of the jury, if you believe that to be true, you have a right—if that is true, gentlemen of the jury, if you believe that to be true, and the defendant shot him, you have a right, and I am inclined to think it is your duty to find the defendant

not guilty, because from the description of this weapon and the character of it, it meant at least the infliction of great bodily harm, if not the taking of the defendant's life; and I am sure that any man if he could not escape and he was about to be struck, or thought he was to be struck, with the weapon that has been introduced in this case, that he would have a right to shoot, a perfect right to shoot in defense of his life or the infliction of great bodily harm.

"The whole question in my mind, gentlemen of the jury, largely revolves around this issue. That is the defense. Did the deceased take up this hatchet; did he use such words; did his attitude indicate to this defendant that he was about to be struck by that hatchet or that axe?

"If he did, and you believe that he did, and that he was *in fear of his life or in fear of the infliction of great bodily harm*, then, as I say, your duty is to acquit him of the charge in this information.

"Now in that matter, in reference to that, it is your duty to take into consideration what this defendant knew of the deceased, of his reputation, of his temperament, of his probabilities to violence, and you may take into consideration the fact that, if you believe it to be true, that he heard of the reputation and of the temperament of the deceased, take that into consideration in arriving at what was the probable state of mind of the defendant at the time of the shooting.    *    *    *

"Now the defendant is presumed to be innocent until proven guilty beyond a reasonable doubt. A reasonable doubt is not a vain, possible imaginary or captious doubt, but a fair doubt founded on reason and common sense, growing out of the evidence, or lack of evidence, in the case. It is such a doubt that after a careful review of all the testimony you cannot say you have an abiding conviction to a moral certainty of the defendant's guilt. If you have, give him the benefit of it, and acquit him."    *    *    *

The charge taken as a whole protected the rights of the defendant. He has had a fair trial.

The judgment is affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.