FARM PRODUCTS CO. *v.* JORDAN.

1. STATUTES—CONSTRUCTION CALLED FOR ONLY WHERE AMBIGUOUS.
    Since a statute may be construed by the courts only in case it is found to be ambiguous, where a statute is clear and unambiguous it may not be construed, but only enforced.[1]

2. CORPORATIONS—BLUE SKY LAW.
    In an action on a promissory note given by defendant to plaintiff corporation in payment for certain shares of its treasury stock, where it appeared that plaintiff failed to

[1]Statutes, 36 Cyc. p. 1115.
For authorities discussing the question of validity of type of legislation known as "blue sky laws," see note in 15 A. L. R. 262; 24 A. L. R. 523; 27 A. L. R. 1169; 30 A. L. R. 1331.
On constitutionality of "blue sky laws," see note in L. R. A. 1917F, 524.

comply with the provisions of the "blue sky law" (Act No. 46, Pub. Acts 1915), before selling said stock, the court below properly held that the contract of purchase was void and that plaintiff was thereby barred from recovery.[2]

3. SAME—VIOLATION OF STATUTE RENDERS SALE OF STOCK VOID.
The fact that the sale was made to defendant for the purpose of having him interested both financially and as an employee of plaintiff does not render the statute inapplicable, since plaintiff's violation of the clear and unambiguous provisions of sections 4 and 14 renders it liable to the penalty provided by section 23.[3]

4. SAME—ESTOPPEL.
Plaintiff's claim that defendant is estopped to urge the defense that the contract was void under said statute cannot be sustained, since he was not an officer of the company and had nothing to do with its organization, but was merely an employee.[4]

5. APPEAL AND ERROR—JUDGMENT AFFIRMED CONDITIONALLY.
Where it appears that judgment was entered for defendant for the amount paid by him for two shares of stock less dividends received and that plaintiff is therefore entitled to the return of said stock, the judgment is affirmed, on error, on condition that defendant return said stock to plaintiff, although the question of defendant's failure to tender said stock was not raised in the trial court, and was raised for the first time in this court by supplemental brief, which is too late under Supreme Court Rule No. 40.[5]

Error to Kent; Brown (William B.), J. Submitted October 10, 1924. (Docket No. 80.) Decided December 10, 1924.

Assumpsit by the Farm Products Company of Michigan against Glenn H. Jordan on a promissory note. Judgment for defendant. Plaintiff brings error. Affirmed, conditionally.

[2]Corporations, 14 C. J. § 795 (1926 Anno); [3]Id., 14 C. J. § 795 (1926 Anno); [4]Id., 14 C. J. § 795 (1926 Anno); [5]Appeal and Error, 4 C. J. § 3134.

*Dilley, Souter & Dilley,* for appellant.

*Jewell, Raymond & Face,* for appellee.

FELLOWS, J.      Plaintiff is a corporation organized under the laws of the State of Michigan.      It did not comply with the provisions of Act No. 46, Pub. Acts 1915 (3 Comp. Laws 1915, § 11945 *et seq.*), commonly known as the "blue sky law."      As the transaction here involved occurred prior to Act No. 404, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 11945 *et seq.*), we shall refer to the sections of the original act.      Shortly after its incorporation plaintiff sold 20 shares of its treasury stock to defendant at its par value of $100 a share.      He paid $200 cash for which he received 2 shares of stock and gave his note for $1,800 and 18 shares were issued to him but were indorsed by him and held by the company as collateral to his note.      It is apparent from the record that both parties desired that defendant should have some financial interest in the company and should become employed by it.      This suit is brought to recover on the note of $1,800.      Defendant interposed the defense that the transaction was in violation of the provisions of the blue sky law, a penal statute, and therefore void.      The case was tried by the court without a jury and written findings of fact and conclusions of law were filed.      Following the holding in this court in *Edward* v. *Ioor,* 205 Mich. 617 (15 A. L. R. 256), it was held that the transaction was void and judgment was entered for defendant for the amount of cash paid by him less a small amount received by him as dividends.

We quote some of the applicable provisions of the act.      In section 2 (3 Comp. Laws 1915, § 11946) is found the following provision:

"Every person, corporation, copartnership, company, or association (except those exempt under the provisions of this act) organized, or which shall hereafter be organized in this State, whether incorporated or

unincorporated, which shall either himself, themselves or itself, or by or through others, sell or negotiate for the sale of any stocks, bonds or other securities issued by him, them or it within the State of Michigan, shall be known for the purposes of this act as a domestic investment company." * * *

Section 4 (§ 11948) provides:

"Before selling, offering for sale, taking subscriptions for, or negotiating for the sale in any manner whatever in this State, any stocks, bonds or other securities of its own issue, every investment company, domestic or foreign, shall file in the office of the commission a statement showing in full detail the plan upon which it proposes to transact business." * * *

And then follows details of information required and the proceeding finally resulting in the approval or disapproval of the sale of the securities.

Section 14 (§ 11958) provides:

"It shall be unlawful for any investment company or dealer, or representative thereof, either directly or indirectly, to sell or cause to be sold, offer for sale, take subscriptions for, negotiate for the sale in any manner whatever in this State, any stock, bonds or other securities (except as expressly exempted herein), unless and until said commission has approved thereof and issued its certificate in accordance with the provisions of this act."

Section 23 (§ 11967) is the penal clause of the act.

It is here urged on behalf of plaintiff that we should construe the act as not applicable to the transaction here involved. It is urged that although defendant was not a subscriber to the articles of association the parties desired that he should be interested both financially and as an employee of the company, and that the sale to him of this stock and to two others similarly situated should be construed as not falling within the provisions of the act. But this argument overlooks the fact that before we are called upon to construe a statute we must find it to be ambiguous in terms.

If it is ambiguous we are called upon to construe it. If it is not ambiguous, we are only called upon to enforce it. The statute is clear and unambiguous in its terms. By the express and unambiguous terms of section 4 of the act when plaintiff negotiated with and sold its treasury stock to defendant it became a domestic investment company for the purposes of the act. When it sold this stock to defendant it made an unlawful sale, one in violation of the provisions of section 14 of the act.

In *Edward* v. *Ioor, supra,* this court said:

"The sale, and it was a sale as we have seen, of its stock to plaintiff and others was in violation of the act and submitted all connected therewith as vendors to the penalties for its violation. The sale of stock without approval by a public board or commission was not bad at common law, is not *malum in se,* but by the terms of the act it is *malum prohibitum.* * * *

"This sale to plaintiff of the stock of the Arizona Piano Company was in conflict with the terms of a penal statute, *malum prohibitum,* and void, although not expressly declared so to be by the statute."

Upon principle this case is somewhat analogous to that of *People* v. *Watters,* 192 Mich. 462. In that case defendant was arrested for violating an ordinance against peddling without a license. His business consisted almost entirely of taking orders and filling them by interstate commerce shipments. This business was not subject to State regulation. But defendant directly sold two cans of toilet cream of the value of 25 cents each. It was held that such sales violated the ordinance and it was pointed out that if he could sell two cans without violating the ordinance he could sell 50. The case was affirmed by the Supreme Court of the United States in *Watters* v. *Michigan,* 248 U. S. 65 (39 Sup. Ct. 29).

It is further urged that defendant is estopped to urge the defense here made. This contention can

not be sustained.     Defendant had nothing to do with the organization of the company.     He was not one of its officers, but was its employee, and there is nothing upon the record indicating that he did not earn the wages paid him.     In *Edward* v. *Ioor, supra,* we pointed out that the act was passed for the benefit of the purchaser and that the penalties of the act were laid on the seller, not the buyer. ·

We have noted that defendant had judgment for the $200 paid for the stock issued to him less dividends received by him.     There was no testimony that this stock had been tendered back to plaintiff.     There is no finding on this subject and the record does not disclose that any question of tender was raised in the court below.     In appellant's brief the failure to make a tender was mentioned in the statement of facts and it was also noted in the discussion of the question of estoppel.     But nowhere was it urged to defeat defendant's right to affirmative relief.     On the argument attention of counsel was called to *Joslin* v. *Noret,* 224 Mich. 240.     In a supplemental brief filed since the argument it is urged that the rule announced in that case defeats defendant's claim for affirmative relief.     There is no doubt that the rule there announced would defeat the recovery of a judgment for the defendant for the amount he claimed if the point had been made in the court below and properly saved in this court for review.     It, however, does not appear that it was made in the court below, and it is not here definitely raised until the filing of the supplemental brief.     Under the rule (Supreme Court Rule No. 40) and the decisions of this court (among them see *Smith* v. *Construction Co.,* 175 Mich. 600, 603; *Ward* v. *Carey,* 200 Mich. 217; *People* v. *Oprita,* 213 Mich. 13), it is too late to raise the question for the first time by supplemental brief.     The plaintiff, however, is entitled to a return of this stock and we think the affirmance of the judgment should be on condition

that defendant deliver the stock to the clerk of the court below for plaintiff's use and benefit within twenty days from the filing of this opinion.  *Lackovic* v. *Campbell*, 225 Mich. 1.

The judgment is, therefore, affirmed, conditionally.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.