## NOLL v. WOODS.

1. PLEADING—VARIANCE—BLUE SKY LAW.
   Where, in an action to recover money invested by defendant in corporate stock as plaintiff's agent, the declaration counted on a sale in violation of the blue sky law, there was no fatal variance between it and the bill of particulars because the latter recited that defendant invested the money in said stock without plaintiff's consent,

On validity of legislation known as "blue sky laws," see notes in 15 A. L. R. 262; 24 A. L. R. 523; 27 A. L. R. 1169; 30 A. L. R. 1331.

where it also recited that the investment was made in violation of 3 Comp. Laws 1915, § 11958.[1]

2. LICENSES—BLUE SKY LAW—SELLER OF STOCK IN VIOLATION OF BLUE SKY LAW LIABLE ALTHOUGH NOT A DEALER.

In an action to recover money paid for corporate stock sold by the president of the corporation to plaintiff in violation of the blue sky law, it was not necessary, in order to recover, to establish that the seller was a dealer (3 Comp. Laws 1915, § 11958).[2]

3. SAME—DELAY IN RECEIPTING FOR STOCK UNIMPORTANT.

That plaintiff, who was in quarantine at the time he received the stock by mail, did not receipt for same until the quarantine was lifted some days later, *held,* unimportant as affecting his right to recover.[3]

4. SAME—LIMITATION OF ACTIONS.

Where plaintiff rescinded a sale of corporate stock sold to him in violation of the blue sky law within a reasonable time after learning of its invalidity, delay for some years in commencing action does not defeat recovery, where commenced within the period of the statute of limitations.[4]

5. SAME—SELLER OF STOCK IN VIOLATION OF BLUE SKY LAW PERSONALLY LIABLE.

The president of a corporation who sold its stock in violation of the blue sky law is personally liable in an action to recover the money paid for said stock.[5]

6. SAME—CORPORATION LIABLE.

The corporation whose stock was sold by its president in violation of the blue sky law was also liable, and the trial court was in error in directing a verdict in its favor.[6]

7. APPEAL AND ERROR—ERRORS NOT COMPLAINED OF NOT REVIEWED.

Errors not complained of may not be reviewed by the Supreme Court.[7]

Error to Washtenaw; Sample (George W.), J.   Submitted April 14, 1925.   (Docket No. 63.)   Decided May 14, 1925.

---

[1]Pleading, 31 Cyc. p. 583; [2]Licenses, 37 C. J. § 166 (Anno); [3]Id., 37 C. J. § 170 (Anno); [4]Id., 37 C. J. § 171 (Anno); [5]Id., 37 C. J. § 171 (Anno); [6]Id., 37 C. J. § 171 (Anno); [7]Appeal and Error, 3 C. J. § 1462.

Assumpsit by Edwin C. Noll against George W. Woods and another for money paid on an illegal sale of corporate stock. Judgment for plaintiff on a directed verdict. Defendant Woods brings error. Affirmed.

*Cavanaugh & Burke*, for appellant.

*Frank B. Devine* and *John P. Kirk*, for appellee.

FELLOWS, J. Plaintiff owned some stock in the Springfield Body Corporation. Defendant Woods, a broker, who will hereafter be referred to as the defendant, sold it for him for $1,925. The testimony fairly shows that it was at least tacitly understood between the parties that defendant might invest a portion of the proceeds in the purchase of stock for plaintiff in such company as defendant should select. April 3, 1917, plaintiff received from defendant $425. The balance was used by defendant to purchase for plaintiff stock of Mineral Oil Paint Company, a Pennsylvania corporation of which defendant was president. Defendant caused a certificate of stock in the company to be issued to plaintiff on April 20th and signed the same as president and forwarded it from Detroit to plaintiff in Ann Arbor, who there received it April 23d. The facts with reference to the approval of the sale of the stock of this company by the Michigan securities commission were these: There was a hearing on the company's petition April 11th, and as a condition of its sale the company was required to place in escrow 13,600 shares of stock; on April 18th this was modified by reducing the number of shares as an escrow to 3,000; on April 25th this condition had been complied with and the sale of the stock was approved and the certificate provided for in section 11953, 3 Comp. Laws 1915, was issued. From the facts established, a jury would be justified

in finding that defendant, acting as president of the company and in behalf of the company, sold to plaintiff through himself $1,500 of the stock of the company before its sale had been approved by the commission.

It is urged that there is a fatal variance between the declaration and the bill of particulars. The declaration counts on a sale in violation of the blue sky law, so-called, and while the bill of particulars recites that defendant invested the money in the stock of the company without plaintiff's consent, it also recites that:

\* \* \* "said investment was made on and prior to the 20th day of April, 1917, in violation of the provisions of section 11958 of the Compiled Laws of 1915."

It will thus be seen that both the declaration and the bill of particulars seek recovery based on a violation of the blue sky law. There was no fatal variance.

Both parties seem to have proceeded on the theory that in order to permit a recovery it was necessary to establish that defendant was a dealer. In this they were in error. Section 11958, 3 Comp. Laws 1915 (then in force), in part provides:

"It shall be unlawful for any investment company or dealer, or representative thereof, either directly or indirectly, to sell or cause to be sold, offer for sale, take subscriptions for, or negotiate for the sale in any manner whatever in this State, any stocks, bonds or other securities (except as expressly exempted herein), unless and until said commission has approved thereof and issued its certificate in accordance with the provisions of this act." \* \* \*

In *Edward* v. *Ioor,* 205 Mich. 617 (15 A. L. R. 256), this court said:

"The defendants appeared by separate counsel and upon the argument it was strenuously urged that there was no liability as to some of them. But the record discloses they were engaged in a common enterprise,

in consummating a transaction in face of, and contrary to, the terms of a penal statute. Under such circumstances we cannot say as matter of law that any of them should be exonerated from liability."

In *Thompson* v. *Cain*, 226 Mich. 609, the defense was that defendant Cain did not actively participate in the sale. In reversing the case for instructions which materially limited defendant's liability, we said:

"We are persuaded that these instructions incorrectly limited the liability of the defendant for participating, if he did participate, in a sale of stock in the face of and in violation of a penal statute. The action is not one for fraud but is based on the theory that the same is in violation of a penal statute and therefore void. A violation of the statute is made a misdemeanor (3 Comp. Laws 1915, § 11967). All aiding and assisting in the commission of a misdemeanor are principals. *People* v. *Rice*, 103 Mich. 350; *People* v. *Barnes*, 113 Mich. 213; *People* v. *Wright*, 90 Mich. 362; 16 C. J. p. 120. Hence if the defendant actively aided and assisted the agents Raymond and Thompson in making the sale, he violated the blue sky law whether he profited by the sale or not."

Nor is it important that plaintiff did not receipt for the stock until some days later. When the stock was received by him he was in quarantine, and while receiving mail he was not permitted to send any out. As soon as the quarantine was lifted, he sent his receipt.

In *People* v. *Hartman*, 228 Mich. 171, the arrangement did not contemplate a delivery of the stock and it was urged that there had been no violation of the blue sky law. It was there said:

"If not a completed sale, it was clearly an offer or agreement to sell and within the letter as well as the spirit of the law."

The rescission of the transaction was within a reasonable time after plaintiff learned that the sale

to him was invalid.    The suit was not brought for several years thereafter.    It was, however, brought within the period of the statute of limitations.    Delay in bringing the suit less than the statutory period does not defeat recovery.

Upon this record defendant was the prime mover in the sale of stock of a foreign investment company prior to its approval by the Michigan securities commission; under our former holdings, he is liable.    The only error we find, and it is one neither party complains of, is the direction of a verdict for the company.    It likewise was liable.    This error is one we can not review and we only mention it that the profession may not misconceive our holding.

The judgment is affirmed.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.