COE *v.* PORTLAND FARMERS' ELEVATOR CO.

1. LICENSES—CORPORATIONS—SALE OF STOCK—BLUE SKY LAW— EFFECT OF REPEAL OF STATUTE.

A right of action to recover money paid for corporate stock sold in violation of the blue sky law (3 Comp. Laws 1915, §§ 11945-11969) was not defeated by the repeal of the statute before the action was commenced, since its existence was independent of the statute.[1]

2. SAME.

Nor is said right of action barred by section 1, Act No. 220, Pub. Acts 1923 (the repealing statute), providing for the continuance before the newly-created commission of all pending matters before the old one, together with the continuance and completion of all actions under the act then pending and uncompleted.[2]

[1] Licenses, 37 C. J. § 171; [2] Id., 37 C. J. § 171; 15 A. L. R. 262; 24 A. L. R. 523; 27 A. L. R. 1169; 30 A. L. R. 1331; 40 A. L. R. 1014.

Error to Ionia; Hawley (Royal A.), J.   Submitted June 30, 1926.   (Docket No. 144.)   Decided July 22, 1926.

Assumpsit by Floy N. Coe, individually and as administratrix of the estate of Eliza Coe, deceased, against the Portland Farmers' Elevator Company for money paid for stock sold in violation of the "blue sky law."   Judgment for plaintiff.   Defendant brings error.   Affirmed.

*Glenn D. Mathews,* for appellant.

*Eldred & Gemuend,* for appellee.

Snow, J.   The defendant is a Michigan corporation, and on or about October 23, 1920, it sold to plaintiffs $1,100 of its capital stock, without first having applied to the Michigan securities commission for, or having obtained, permission to make such sale under sections 11945 to 11969 of the Compiled Laws for 1915.

Section 11958 provides:

"It shall be unlawful for any investment company or dealer, or representative thereof, either directly or indirectly, to sell or cause to be sold, offer for sale, take subscriptions for, or negotiate for the sale in any manner whatever in this State, any stocks, bonds or other securities (except as expressly exempt herein), unless and until said commission has approved thereof and issued its certificate in accordance with the provisions of this act."   *   *   *

Section 11967 provides:

"Any person or persons who shall violate any of the provisions of this act shall be deemed guilty of a misdemeanor."   *   *   *

This act, commonly known as the "blue sky law," was amended in 1921 (Act No. 404, Pub. Acts 1921 [Comp. Laws Supp. 1922, §§ 11945-11969]) and re-

pealed in 1923 by Act No. 220, Pub. Acts 1923. It was however in force when the sale of stock in the instant case was made, but had been repealed when action to recover the amount paid for the stock was commenced, which was in July, 1925.

The facts are not in dispute, but defendant contends that the repeal of the 1915 statute had the effect of abolishing plaintiff's cause of action, which is particularly evidenced by the following saving clause in the 1923 act, viz.:

"All proceedings pending before said Michigan securities commission created by said act number forty-six of the Public Acts of nineteen hundred fifteen, by virtue of any law of this State, shall be continued by the commission created by this act; all actions, civil and criminal, pending under said act, shall be continued and completed thereunder; and all securities approved by the Michigan securities commission under act number forty-six of the Public Acts of nineteen hundred fifteen, shall be legally salable unless otherwise ordered by the commission created under this act." * * * Act No. 220, Pub. Acts 1923, § 1.

This is the only question in the case.

The sale of the stock to plaintiffs in the first instance was admittedly unlawful. Section 11958, 3 Comp. Laws 1915; *Edward* v. *Ioor,* 205 Mich. 617, 624 (15 A. L. R. 256); and *Farm Products Co.* v. *Jordan,* 229 Mich. 235. Plaintiffs had the right to rescind the contract of purchase and recover their money back. Was this right of action defeated by the repeal of the statute above referred to? We are constrained to hold that it was not. Neither the remedy nor the right of action were afforded by the statute. They existed independent of it, and the repeal of the statute in no way affected them.

Neither can it with reason be contended that section 1 of Act No. 220, Pub. Acts 1923, above referred to (which provided for the continuance before the newly-

created commission of all pending matters before the old one, together with the continuance and completion of all actions under the act then pending and uncompleted), constituted a bar to other rights of action that had accrued by reason of previous violations of the law repealed, although not then commenced.

Plaintiff's right of action in the instant case is not *under* the 1915 blue sky law, but accrues to them as a contract right of rescission, followed by the right to prosecute an action of assumpsit, because defendant sold them stock in its corporation when it was illegal to do so.

The judgment of the circuit court is affirmed, with costs to appellee.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.